IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kinsley Taylor Austin,<br><br>                    Plaintiff,<br><br>v.<br><br>Steven Cotton, HCPD; Brian Scales, HCPD;<br>Matt Trietler, HCPD; Teresa Johnson, HCPD;<br>Mark Bonner, HCPD; Drew Edwards, HCPD;<br>Ryan Seipt, HCPD; Ronald Kopec, DEA;<br>Horry County; John Does 1–25,<br>                    Defendants. | C/A No.: 4:26-cv-143-SAL<br><br><br><br>**ORDER** |

Kinsley Taylor Austin ("Plaintiff") filed this action alleging violation of her civil rights, claiming that Horry County Police Department officers and a Drug Enforcement Administration agent executed unconstitutional search warrants obtained through material omissions, stale and uncorroborated information, and reckless disregard of the truth. When she filed this action, Plaintiff also filed a motion to stay these proceedings pending the resolution of her pending state criminal charges. [ECF No. 4.] This matter is before the court for review of the Report and Recommendation (the "Report") issued by United States Magistrate Kaymani D. West, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 20.] The magistrate judge recommends the court dismiss the Amended Complaint without prejudice and without issuance and service of process under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 6. Plaintiff timely objected. [ECF No. 23.]

## STANDARDS OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then reviews *de novo* those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its adoption of the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of the claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report sets forth in detail the relevant facts and legal standards in this matter, and this court incorporates those facts and standards without a full recitation. *See* ECF No. 20 at 1–5. Briefly, Plaintiff's claims arise out of a 2023 search and seizure that Plaintiff asserts violated her constitutional rights. But the state criminal charges related to that search and seizure have not yet been resolved.[1] Under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's claims cannot proceed unless her charges or any resulting conviction are invalidated. Accordingly, the magistrate judge recommends dismissal of this action under *Heck*. Although Plaintiff generally acknowledges that her state criminal charges must be resolved before she can proceed with this case, she also objects to parts of the Report. [ECF No. 23.]

Having reviewed the allegations in the complaint and the relevant law, the court concludes that a stay, rather than dismissal, is the appropriate course. Under *Heck,* a state prisoner cannot bring a 42 U.S.C. § 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Heck*, 512 U.S. at 486–87. But in *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court clarified that *Heck* does not apply in the pre-conviction setting. *Id.* at 393. The Court explained that a stay of the § 1983 action is appropriate in such instances:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with

---

[1] The Public Index shows five weapons and drug-related charges filed in Horry County in 2023 that remain pending. *See* Horry County Fifteenth Judicial Circuit Public Index, https://publicindex.sccourts.org/ Horry/PublicIndex/PISearch.aspx (search by Plaintiff's first and last name) (last accessed Aug. 4, 2026).

3

common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94; *see also Gilliam v. Foster,* 75 F.3d 881, 903 (4th Cir. 1996) (holding *Younger v. Harris*, 401 U.S. 37 (1971) provides that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances").

Here, Plaintiff asks this court to make determinations concerning the validity of the search and seizure that substantially overlap with issues that will need to be resolved in the state criminal proceedings. Going forward with this action while those proceedings remain pending therefore risks requiring this court to address issues that are properly left to the state court in the first instance. Based on the guidance *Wallace*, the court concludes that a stay is appropriate. Accordingly, this case will be stayed until the state criminal case is resolved, whether by dismissal of the charges or by conviction.

## CONCLUSION

For the foregoing reasons, the court declines to adopt the recommended dismissal and modifies the Report, ECF No. 20, as discussed in this order. In light of *Heck* and Plaintiff's pending state criminal charges, the court **GRANTS** Plaintiff's motion to stay, ECF No. 4.

This matter is recommitted to the magistrate judge during the stay. While this case is stayed, Plaintiff should file status reports every 90 days to advise the court of the status of her state criminal charges.

**IT IS SO ORDERED.**

August 10, 2026                                     Sherri A. Lydon
Columbia, South Carolina                            United States District Judge

4